## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Case No. ) |
| vs. | ) Judge ) ) Magistrate Judge |
| AREA TEMPS, INC. | ) ) |
| Defendant. | ) ) ) |

## COMPLAINT AND JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991 and the Age Discrimination in Employment Act to correct unlawful employment practices on the bases of race, sex, national origin, age and retaliation for protected opposition and participation activity and to provide appropriate relief to Kevin Duffy, Ana Lopez and a class of individuals who applied for temporary employment with

Defendant Area Temps, Inc. ("Area Temps" or "Defendant") and who were affected by Defendant's discriminatory practices.

Defendant failed to refer individuals for temporary employment based on their race, sex, national origin and age. Defendant classified its applicants and temporary employees based on their race, sex and age. Defendant complied with discriminatory requests made by its clients for temporary employees based on race, sex and age.

Defendant discharged Duffy and Lopez in retaliation for their opposition to Defendant's discriminatory practices and for Lopez' participation in an EEOC investigation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and -6 ("Title VII"); Title I, Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("CRA of 1991"); and Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b)("ADEA"), which incorporates by reference of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

2

## **PARTIES**

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADEA and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000(e)-5(f)(1) and (3) and and -6, and 29 U.S.C. §626(b), as amended by Section  of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532(1984), 98 Stat. 2705.

4.     At all relevant times, Defendant Area Temps, Inc. (the "Employer"), has continuously been an Ohio corporation for profit doing business in the State of Ohio and the Cities of Cleveland, Mentor, Mayfield Heights, Parma, and North Olmsted and has continuously had at least 20 employees.

5.     At all relevant times, Defendant Area Temps has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h) and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6.     At all relevant times, Defendant Area Temps has procured employees for employers and has been an employment agency within the meaning of Section 701(c), Title VII, 42 U.S.C. § 2000e-(c) and Section 11(c) of the ADEA, 29 U.S.C. § 630(c).

3

## **STATEMENT OF CLAIMS**

### **Title VII Claims**

7.  More than thirty days prior to the institution of this lawsuit, Kevin Duffy and Ana Lopez each filed a Charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  Since at least January 9, 2004, Defendant Employer has engaged in unlawful employment practices at its facilities in the Cities of Cleveland, Mentor, Mayfield Heights, Parma, and North Olmsted, including those below, in violation of Sections 703, 704 and 707 of Title VII, 42 U.S. C. §§2000e-2, e-3 and -6:

    a.  Defendant discriminated against individuals on the basis of race and sex by classifying applicants for temporary employment, by failing to refer applicants for temporary employment based on race, sex and national origin and by complying with discriminatory requests for temporary employees made by its clients, based on race and sex;

    b.  Defendant discharged Duffy and Lopez in retaliation for their opposition to discriminatory temporary employment assignments and discharged Lopez in retaliation for her participation in an EEOC investigation and they suffered resulting damages.

4

9. The effect of the practices complained of in paragraph 8b above, has been to deprive Kevin Duffy and Ana Lopez of equal employment opportunities and otherwise adversely affect their status as employees, because of their protected opposition and participation activity.

10. The effect of the practices complained of in paragraph 8a above, has been to deprive individuals of equal employment opportunities and otherwise adversely affect their status as employees and applicants for employment, because of their race, national origin and sex.

11. The unlawful employment practices complained of in paragraph 8 above, were intentional.

12. The unlawful employment practices complained of in paragraph 8 above, were done with malice or with reckless indifference to the federally protected rights of Kevin Duffy, Ana Lopez and the class of employees affected by the unlawful practices based on race, national origin and sex.

13. Since at least March, 2005, Defendant Employer has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

## ADEA Claims

14. More than thirty days prior to the institution of this lawsuit, the EEOC issued a directed investigation of Defendant to determine its compliance with the ADEA.

15. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect

voluntary compliance with the ADEA through informal means of conciliation, conference and persuasion with the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

16. Since at least March 15, 2004, Defendant Employer has engaged in a pattern or practice of unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by classifying applicants for temporary employment, failing to refer applicants for temporary employment and by complying with discriminatory requests for temporary employees made by its clients, on the basis of age.

17. The effect of the practices complained of in paragraph 16 above, has been to deprive individuals of equal employment opportunities and otherwise adversely affect their status as employees and applicants for employment, on the basis of their age.

18. The unlawful employment practices complained of in paragraph 16 above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

19. Since at least March, 2005, Defendant Employer has failed, in violation of Section 7(a) of the ADEA, 29 U.S.C. § 626(a), to make and preserve records required by the Commission necessary to the Commission's administration of the ADEA.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors and assigns, and all other persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race, sex, national origin, age and/or retaliation.

6

B. Order Defendant to instate, reinstate, provide frontpay in lieu of reinstatement or otherwise make whole any individual classified or denied employment opportunities based on race, sex, national origin, age and/or retaliation.

C. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities, terms, conditions and privileges of employment for employees and applicants for employment, to African-Americans, women, men, Hispanics, individuals age forty and older, and which eradicate the effects of its past and present unlawful employment practices, including retaliation.

D. Order Defendant Employer to make whole all persons who have been unlawfully denied employment or a job assignment because of race, and/or national origin and/or sex by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including appropriate back pay with prejudgment interest and job search expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole all persons who have been unlawfully denied employment or a job assignment because of race, and/or national origin and/or sex by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering and inconvenience, in amounts to be determined at trial.

F. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a

7

result of the acts complained of above, including but not limited to, individuals aged 40 and older that were not referred for employment based on their age.

G. Order Defendant Employer to pay all persons who have been unlawfully denied employment or a job assignment because of race, and/or national origin, and/or sex punitive damages for its malicious and reckless conduct above, in amounts to be determined at trial.

H. Order Defendant Employer to make whole Kevin Duffy and Ana Lopez by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

I. Order Defendant Employer to make whole Kevin Duffy and Ana Lopez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8b above, in amounts to be determined at trial.

J. Order Defendant Employer to make whole Kevin Duffy and Ana Lopez by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8b above, including emotional upset and pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

K. Order Defendant Employer to make whole Kevin Duffy and Ana Lopez by providing punitive damages for its malicious or recklessly indifferent conduct described in paragraph 8b above, in amounts to be determined at trial.

L.    Order Defendant to make and preserve records required by the Commission pursuant to Section 7(a) of the ADEA, 29 U.S.C. § 626(a).

M.    Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

N.    Grant such further relief as the Court deems necessary and proper in the public interest.

O.    Award the Commission its costs of this Action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
WASHINGTON, DC

JACQUELINE H. MCNAIR
Regional Attorney
Philadelphia, Pennsylvania

9

        s/C. Larry Watson by Consent
        C. LARRY WATSON (OH 0031443)
        Associate Regional Attorney
        Larry.Watson@eeoc.gov (Email)

        s/Jeffrey A. Stern
        Jeffrey A. Stern (OH 0020107)
        Senior Trial Attorney
        Jeffrey.Stern@eeoc.gov(Email)

        EQUAL EMPLOYMENT OPPORTUNITY
         COMMISSION
        Cleveland Field Office
        The AJC Federal Office Building
        1240 East 9th Street, Room 3001
        Cleveland, Ohio 44199
        (216) 522-7455 (Watson)
        (216) 522-7458 (Stern)
        (216) 522-7430 (Facsimile)